Opinion of the Court, by
Judge Owsley.
THIS was a motion made by Holderman, &c. to recover against Brasfield the amount of an execution, together with thirty per centum damages on the amount thereof, under the act of 31st January 1811, relative to sheriffs, (2 Digest Laws Ky. 1143.) Brasfield was admitted to be the deputy sheriff, and surety of Thomas Scott, the principal, and it was agreed that judgment might be rendered by the court against Brasfield, if, from the evidence, judgment could be rendered against Scott. On the motion, Holderman, &c. read in evidence a writ of fieri facias, which issued from the clerk’s office of the Clark circuit court, in their favor, against the estate of Amos Cast, for $65 22, with interest thereon from the 4th of August 1818 until paid, directed to the sheriff of Clark county, and the return thereon in the following words: “ No estate found before the return day of this process. James Brasfield, D. S. for Thomas Scott, Sh’ff. C. C.” And proved that the fieri facias came to the hands of Brasfield, as Scott’s deputy, and that the execution was not returned to the office until after the expiration of one month from the return day.
*272 The defendant, Brasfield, then moved the court, and obtained leave to amend his return in the following words: “And this execution was not returned by me, agreeable to the command thereof, nor in one month after the return day, because I had lost it a few days after it came to my hands, and forgot it had been in my possession, until it was found by me on the day it was returned by me to the office.” James Brasfield, D. S. for Thomas Scott, S. C. C.”
The defendant introduced no other evidence, and the court gave judgment against Holderman, &c.
The principle is not perceived, on which the decision of the circuit court can be sustained. Abstracting from the case the amendment which the defendant was permitted to make to his return on the execution, there could be no doubt but judgment ought to have been rendered against the defendant. The case would then come literally within the act of assembly under which the motion was made, and shows conclusively the plaintiffs’ right to a judgment for the amount of the execution and damages. And the amendment which the defendant was permitted to make, cannot be admitted to affect the judgment, which should otherwise have been rendered against him. There is no law recognizing such a return as the amendment purports to make, and if made when the execution was first returned, could not, without the aid of extraneous evidence, have excused the defendant for his failure in not returning the execution within the time prescribed by the act. The amended return contains barely the apology of the sheriff for not performing his official duty, and must be established by other evidence than that of his own making.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and judgment there entered against Brasfield, consistent with the principles of this opinion.